IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

K<small>E</small>JUAN THOMPSON                                                                                        PLAINTIFF

v.                                      Civil No. 4:24-CV-04100-MEF

CORRECTIONAL OFFICER HENDERSON,
Miller County Detention Center (MCDC);
SHERIFF WAYNE EASLEY, Miller County, Arkansas; and
WARDEN JEFFIE WALKER, MCDC                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, KeJuan Thompson, has filed a civil rights lawsuit under 42 U.S.C. § 1983 alleging that excessive force was used against him, and that he was denied constitutionally adequate medical care when he was detained at the Miller County Detention Center ("MCDC").[1] (ECF No. 9). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings and for entry of final judgment in this matter. (ECF No. 16). This matter is currently before the Court on Plaintiff's failure to comply with court orders.

## BACKGROUND

Because Plaintiff was a prisoner when he initiated this action and he seeks redress from government officials, his original complaint was subject to preservice review pursuant to 28 U.S.C. § 1915A(a). Upon that review, United States Magistrate Judge Barry A. Bryant, now retired, ordered Plaintiff to submit an amended complaint after noting that the original complaint contained factual and legal deficiencies that may prove fatal to his claims. (ECF No. 3). Upon review of the amended complaint, this Court directed him to submit a second amended complaint

---

[1] Plaintiff's most recent notice of change of address indicates that he is currently incarcerated at the Varner Unit, Arkansas Division of Correction, in Grady, Arkansas. (ECF No. 31).

describing *all* his claims against *all* the defendants. (ECF No. 8). This Court warned Plaintiff that it would not consider any previous pleading in construing his claims. *Id.*

Upon review of the Second Amended Complaint ("SAC"), this Court ordered that the SAC be served on the Defendants. (ECF No. 10). The Defendants then filed their Answer, denying the allegations. (ECF No. 13). The Court subsequently directed the Defendants to either submit a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies before initiating this action in accordance with 42 U.S.C. § 1997e(a) by March 18, 2025, or to promptly file a notice informing the parties that the Defendants did not intend to pursue failure to exhaust as an affirmative defense at trial. (ECF No. 14). The Defendants opted for the latter, filing a notice saying they did not intend to pursue failure to exhaust as an affirmative defense at trial. (ECF No. 17).

The Court then entered an Initial Scheduling Order governing discovery and directing that a motion for summary judgment on the merits be filed by August 15, 2025. (ECF No. 18). On May 15, 2025, the Defendants filed a Motion to Compel discovery, arguing that Plaintiff had failed to respond to their discovery requests and that efforts to resolve the dispute outside of court had been unsuccessful. (ECF Nos. 20 & 21). After Plaintiff did not respond to this motion within the timeframe provided under the Local Rules, this Court granted Defendants' Motion to Compel, directing Plaintiff to produce the requested discovery within 14 days of the date of the Order, failing which this matter would be subject to dismissal. (ECF No. 22).

On June 16, 2025, Plaintiff's mail to the MCDC was returned as undeliverable and was then resent to the Ouachita River Correctional Unit. (ECF No. 24). That same day, Defendants filed a motion to dismiss on the grounds that their mail to Plaintiff had been returned as undeliverable. (ECF Nos. 25-27). The Court directed Plaintiff to respond to the Defendants'

2

Motion to Dismiss by July 8, 2025, failing which this matter would be dismissed without prejudice. (ECF No. 28).  On July 3, 2025, Plaintiff's mail to the Varner Unit, Arkansas Division of Correction, was returned as undeliverable, marked "refused, unable to forward."  (ECF No. 29). On July 7, 2025, this Court received a notice of change of address from Plaintiff, indicating that he was incarcerated at the Varner Unit.  (ECF No. 31).  Plaintiff's returned mail was then re-sent to the address for the Varner Unit provided by Plaintiff.  *Id.*

On July 14, 2025, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to comply with the Court's order directing him to respond to the Defendants' Motion to Dismiss.  (ECF No. 32).  Plaintiff's response to the show cause order was due by August 4, 2025.  *Id.*  On August 5, 2025, Defendants requested a stay of the initial scheduling order deadlines.  (ECF No. 33).  The Court granted that motion.  (ECF No. 34).

On August 6, 2025, this Court denied Defendants' Motion to Dismiss as moot because the basis for the motion was that Plaintiff's mail had been returned as undeliverable and since that time, Plaintiff had provided updated contact information even though he had not responded to Defendants' Motion to Dismiss as directed.  (ECF No. 35).  The Court also ordered that Defendants submit a motion for summary judgment by September 15, 2025.  *Id.*  After Defendants filed their motion for partial summary judgment, including a memorandum, statement of facts, and five exhibits in support (ECF Nos. 36-38), the Court ordered Plaintiff to file a response by October 7, 2025, and provided instructions on how to respond.  (ECF No. 39).  This Order has not been returned as undeliverable.  When Plaintiff did not respond by the October 7, 2025, deadline, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with Court orders.  The show cause deadline was November 4, 2025.  (ECF No. 40).  This Order has also not been returned as undeliverable.  The deadline to comply with the Court's show cause

3

order has now passed, and Plaintiff has failed to respond. Indeed, Plaintiff has not communicated with the Court since filing a notice of change of address in July, over three months ago.

## DISCUSSION

Plaintiff has failed to comply with two court orders: the Court's orders directing him to respond to Defendants' Motion for Partial Summary Judgment (ECF No. 39), and the Court's show cause order (ECF No. 40). Neither Order has been returned as undeliverable. Plaintiff, therefore, has failed to comply with court orders and has failed to provide any excuse for his noncompliance. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Second Amended Complaint will be dismissed for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

The only remaining question for the Court is whether the dismissal will be with or without prejudice. A dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'" *Id*. (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). "The district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." *Id*. (internal citation and quotations omitted). In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the court in advancing

a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court." *Id*. "However, the district court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id*.

The Court order directing Plaintiff to respond to Defendants' Motion for Partial Summary Judgment and the show cause order have not been returned as undeliverable, suggesting that Plaintiff has received these orders and has simply decided not to respond to them. Further, the Court notes that Plaintiff did not respond to the Defendants' Motion to Dismiss, despite the Court's orders directing him to respond. (ECF Nos. 28 & 32). The Court also recognizes that the Defendants have expended resources conducting discovery and preparing motions, including a motion for partial summary judgment on the merits. On this record, therefore, the Court finds that Plaintiff's failure to comply with court orders was intentional, as opposed to accidental or involuntary, and that his failure to respond to two court orders or to communicate with this Court, combined with the resources expended by the Defendants (and this Court), warrant this case being dismissed with prejudice. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this matter will be **DISMISSED WITH PREJUDICE**.

### ORDER

Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Plaintiff's Second Amended Complaint (ECF No. 9) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 10th day of November 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE